UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BARBARA KOOSER,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-246

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and thus unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 16), the administrative record (docs. 5, 8),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for SSI on February 28, 2012. PageID 48. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, right knee joint effusion, right shoulder tendonitis, and depressive disorder. PageID 51.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of her application, Plaintiff received hearings before ALJ James Knapp on November 4, 2013 and March 10, 2014. PageID 72-119, 902-35. The ALJ issued a written decision on April 21, 2014 finding Plaintiff not disabled. PageID 48-63. Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since February 28, 2012, the date she filed the application for [SSI] benefits (20 CFR 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following impairments which are severe for Social Security purposes: right knee joint effusion with mild chondromalacia; since October 2012, dominant right shoulder tendonitis; and depressive disorder NOS (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant lacks the residual functional capacity ["RFC"] to: (1) lift more than ten pounds frequently or twenty pounds occasionally; (2) stand and/or walk for more than thirty minutes at a time or a total of two hours in an eight-hour workday; (3) crawl or climb ladders or scaffolds; (4) perform greater than occasional kneeling, crouching, or stair climbing; (5) perform greater than occasional reaching above right shoulder level; (6) use foot controls on the right more than occasionally; (7) perform work at unprotected heights or involving operation of moving machinery; (8) have contact with the public; (9) have greater than occasional contact with supervisors or co-workers; and (10) do other than low stress work activity (i.e., no job involving above average pressure for production, work that is other than routine in nature, or work that is hazardous). Therefore, she is limited to a reduced range of sedentary work.

5. The claimant is not capable of performing her past relevant work as an assistant/food service and waitress.

6. The claimant was born [in] 1966, which classifies her as a younger individual age 45-49 (20 CFR 416.964).

7. The claimant has a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework

2

       supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that claimant can perform (20 CFR 416.960(c) and 416.966).

PageID 51-62.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 35-37. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 52-62. Plaintiff, in her Statement of Errors, also sets forth a detailed summary of the record evidence. Doc. 10 at PageID 944-56. The Commissioner, in response, defers to the ALJ's recitation of the relevant medical evidence and presents no specific objection to Plaintiff's summary. Doc. 14 at PageID 987. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates Plaintiff's undisputed summary and the ALJ's recitation of the evidence.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id.* §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the

4

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) finding that her impairments do not meet or equal Listing § 1.02(A); (2) allowing the medical expert ("ME") to ask improper questions during the administrative hearing; (3) evaluating the opinion evidence; and (4) finding her not fully credible. Doc. 10 at PageID 957-69. The undersigned finds that the ALJ committed reversible error in analyzing whether Plaintiff met or equaled the requirements of Listing § 1.02(A) and, therefore, does not reach Plaintiff's other alleged errors.

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers*, 582 F.3d at 653 (internal quotations omitted).

5

"Because satisfying the [L]istings yields an automatic determination of disability . . . the evidentiary standards [at Step Three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff bears the burden of proving that he or she meets or equals all criteria of a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987).

Listing § 1.02(A) provides in relevant part:

> **1.02 Major dysfunction of a joint(s) (due to any cause):**
>
> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02(A). The issue presented here is whether Plaintiff is able to ambulate effectively. *See Dunlap v. Colvin*, No. CIV.A. 14-1240-JWL, 2015 WL 3776493, at *5 (D. Kan. June 17, 2015) (holding that "Listing 1.02A is met or equalled . . . only if, among other criteria, the claimant's impairment(s) result in an 'inability to ambulate effectively'").

"To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(2). One example of "[i]neffective ambulation is . . . having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(1). Other "examples of ineffective

ambulation include . . . the inability to walk a block at a reasonable pace on rough or uneven surfaces[.]" *Id.*; *see also Dobson* v. Astrue, 267 F. App'x 610, 612 (9th Cir. 2008).

The ALJ found that Plaintiff did not meet Listing § 1.02(A) specifically because, "[a]lthough [Plaintiff] testified that she uses a cane for ambulation, the record [did] not support a finding that the use of a cane is medically necessary" or that such use "limited the functioning of both upper extremities." *Id*. The undersigned finds no issue with this conclusion, *i.e.*, that Plaintiff does not meet this one example of "ineffective ambulation" as generally described in Listing § 1.00(B)(2)(b)(1). However, this single consideration regarding Plaintiff's use of a cane should not end the inquiry because such example is not the only example of ineffective ambulation. *Dobson*, 267 F. App'x at 612. In fact, "[t]he criteria [for establishing ineffective ambulation] do not require an individual to use an assistive device of any kind[.]" *Dobson*, 267 F. App'x at 612, n.4.

Here, despite record evidence in the form of an opinion from treater William Randall, M.D. -- noting that Plaintiff is unable to walk a single block at all as a result of her chronic knee impairment, *see* PageID 626 -- the ALJ failed to analyze or otherwise explain whether or not Plaintiff meets the criteria for ineffective ambulation under Listing § 1.00(B)(2)(b)(2).[3] Failure "to adequately consider whether [Plaintiff] in fact meets the [L]isting based on the provided examples such as an inability to walk a block at a reasonable pace on rough or uneven surfaces" is error. *See Moss v. Astrue*, 555 F.3d 556, 563 (7th Cir. 2009); *see also Rabbers*, 582 F.3d at 654. This error is not harmless when "the record contains evidence which makes it plausible that Plaintiff could have satisfied [L]isting 1.02." *Lee v. Comm'r of Soc. Sec.*, No. 4:12-cv-2713,

---

[3] Dr. Randall's assessment -- that Plaintiff would have difficulty in general walking a single block *with* the use of a cane -- makes it at least *plausible* that Plaintiff would be unable to walk one block at a reasonable pace on *rough* terrain.

7

2013 WL 6116814, at *8 (N.D. Ohio Nov. 20, 2013); *see also Dobson*, 267 F. App'x at 612; *Bigelow v. Colvin*, No. 7:15-cv-69, 2016 WL 3511728, at *4 (E.D. N.C. June 1, 2016).

Based on the foregoing, the ALJ's conclusion -- regarding whether or not Plaintiff met or equaled Listing § 1.02(A) -- is deemed unsupported by substantial evidence. Accordingly, the ALJ's non-disability finding should be reversed.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, the evidence of disability is not overwhelming. Therefore, remand is appropriate for reconsideration of whether or not Plaintiff meets or equals a Listing. Upon remand, the ALJ should conduct a full analysis of the Listings and otherwise assess Plaintiff's disability status anew.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

      2.      This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

      3.      This case be **CLOSED**.

Date: <u>August 2, 2016</u>               <u>*/s/ Michael J. Newman*</u>
                                                    Michael J. Newman
                                                    United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).