IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA A. KOOSER, | : | |
| Plaintiff, | : | Case No. 3:15-cv-246 |
| vs. | : | JUDGE WALTER H. RICE |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | : | MAGISTRATE JUDGE<br>MICHAEL J. NEWMAN |
| Defendant. | : | |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #17) IN THEIR
ENTIRETY; OBJECTIONS OF DEFENDANT CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY, TO SAID JUDICIAL FILING (DOC.
#18) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST THE COMMISSIONER, REVERSING THE
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND,
THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE
OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH
THE REPORT AND RECOMMENDATIONS; TERMINATION ENTRY

Plaintiff Barbara A. Kooser ("Plaintiff"), pursuant to 42 U.S.C. § 405(g), has brought this action to review a decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On August 2, 2016, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #17, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not supported by

substantial evidence, and that the above-captioned cause be remanded to the Defendant

Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g).   Based upon

reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations, Doc. #17, as well as upon a thorough *de novo* review of this Court's

file, including the Administrative Transcript, Doc. #5, and a thorough review of the

applicable law, this Court adopts the aforesaid Report and Recommendations in their

entirety.   The Commissioner's Objections to said judicial filing, Doc. #18, are overruled.

In so doing, the Court orders the entry of judgment in favor of Plaintiff and against the

Commissioner.   The decision of the Commissioner that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Act is reversed, and the captioned cause is

remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for

proceedings consistent with the Report and Recommendations.

        In reviewing the Commissioner's decision, the Magistrate Judge's task is to

determine if that decision is supported by "substantial evidence."   42 U.S.C. § 405(g).

Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate

Judge's Report and Recommendations, is required to make a *de novo* review of those

recommendations of the report to which objection is made.   This *de novo* review, in turn,

requires this Court to re-examine all the relevant evidence, previously reviewed by the

Magistrate Judge, to determine whether the findings "are supported by substantial

evidence."   *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).   This

Court's sole function is to determine whether the record as a whole contains substantial

evidence to support the Commissioner's decision. The Commissioner's findings must be

affirmed if they are supported by "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." Rather, "it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.  At Step Two of the five-step evaluation process for determining disability, 20 C.F.R. § 416.920(a)(4), the Administrative Law Judge ("ALJ") concluded that Plaintiff had the following severe impairments: "right knee joint effusion with mild chrondomalacia; . . . dominant right shoulder tendonitis; and depressive order [not otherwise specified]." Doc. #5-2, PAGEID #51. However, at Step Three, he concluded that those impairments did not "meet[] or medically equal[] one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."[2] *Id.*, PAGEID #53. Specifically, the ALJ "carefully considered Listing section 1.02 (major dysfunction of a joint), but the evidence does not show an inability to ambulate effectively for 12 months or more, as required by section 1.02(A)." *Id.* In support, he noted that "the record does not support a finding that the use of a cane is medically necessary. Further, there is no evidence that the claimant's use of the cane has limited the functioning of both upper extremities as required by section 1.00(B)(2)(b)(1)." *Id.* However, he engaged in no further analysis as to why Plaintiff supposedly did not meet or equal Listing 1.02(A); nor did he cite any other evidence of record in support of his conclusion.

To meet or equal Listing 1.02(A), an individual's impairments must result in "an extreme limitation of the ability to walk." 20 C.F.R. Part 404, Subpart P, Appendix 1,

---

[2] Hereinafter referred to as a "Listing" or "Appendix 1 Listing."

Listing 1.00(B)(2)(b)(1). Under the Commissioner's definitions, an individual who is "[in]capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry our activities of daily living," is classified as unable to ambulate effectively. *Id.*, Listing 1.00(B)(2)(b)(2). As the Magistrate Judge correctly noted, "[t]he criteria [for establishing ineffective ambulation] do not require an individual to use an assistive device of any kind." Doc. #17, PAGEID #1023 (alteration in original) (quoting *Dobson v. Astrue*, No. 05-36212, 267 F. App'x 610, 612 n.4 (6th Cir. 2008)). While "the inability to walk without the use of a walker, two crutches or two canes," is an example of ineffective ambulation, 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.00(B)(2)(b)(2), the Listing itemizes several other, non-exclusive examples of ineffective ambulation. *Id*. If Plaintiff's impairments corresponded with one or more of those examples, then she would meet or equal Listing 1.02(A), and qualify "for benefits without further inquiry." *Sullivan v. Zebley*, 493 U.S. 521, 525, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) (citing 20 C.F.R. § 416.920(d)). However, the ALJ did not discuss whether Plaintiff's impairments satisfied any of the other examples of ineffective ambulation. *See* Doc. #5-2, PAGEID #53.

The ALJ's analysis was particularly inadequate in light of the consistency between the opinion of Dr. William Randall, her treating physician, who opined that: (1) she required a cane for support; and (2) she could not walk more than one block at a time, Doc. #5-7, PAGEID #626, and the testimony of Dr. Arthur Lorber, the Commissioner's medical expert, who opined that "[Plaintiff] has a severe impairment in her right knee which will significantly reduce her ability to stand and walk."[3] Doc. #5-2, PAGEID #87.

---

[3] Dr. Lorber testified that, in his opinion, Plaintiff "d[id] not meet or equal [L]isting 1.02(A)." Doc. #5-2, PAGEID #87. However, whether an impairment meets or equals an Appendix 1 Listing is a conclusion

While Dr. Lorber opined that Plaintiff's activity level was inconsistent with her impairments meeting or equaling Listing 1.02(A), *id.*, PAGEID #97, "the inability to carry out routine ambulatory activities," 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.00(B)(2)(b)(2), is just one example of inability to ambulate effectively; Plaintiff's failure to satisfy that example does not mean that her impairments do not meet or equal Listing 1.02(A). In light of the opinions of Drs. Randall and Lorber, and the fact that "the inability to walk a block at a reasonable pace on rough or uneven surfaces," is an example of inability to ambulate effectively, *id.*, the ALJ's failure to discuss further whether Plaintiff's impairments met or equaled Listing 1.02(A) means that his Step Three analysis was not supported by substantial evidence.

In determining Plaintiff's residual functional capacity ("RFC") at Step Four, the ALJ assigned "little weight" to Dr. Randall's opinion, "because it is unsupported by objective signs and findings in the preponderance of the record, and in general lacks supportability in, or consistenc[y] with, the record." Doc. #5-2, PAGEID #57. However, as discussed above, if the ALJ were to conclude that Plaintiff met or equaled an Appendix 1 Listing, then the ALJ must find Plaintiff disabled and award benefits. *Zebley*, 493 U.S. at 525. The ALJ's conclusion at Step Four, even if proper, does not render harmless his inadequate explanation at Step Three, and, thus, reversing the ALJ's decision is appropriate.[4]

---

reserved to the ALJ. Soc. Sec. R. 96-6p, 1996 WL 374180, at *3 (Jul. 2, 1996) ("The administrative law judge . . . is responsible for deciding the ultimate legal question [of] whether a [L]isting is met or equaled."). Thus, the Commissioner may not use that portion of Dr. Lorber's testimony to support her argument that the ALJ's Step Three analysis was adequate.

[4] For the same reason, the ALJ's conclusion that "Plaintiff retained the ability to stand or walk for up to 30 minutes at a time and for a total of two hours . . . is inconsistent with an inability to walk a block over rough or

6

2.    "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec. of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The opinions of Drs. Esberdado Villanueva and Rannie Armit, the Commissioner's reviewing physicians, and portions of Dr. Lorber's testimony constitute non-minimal evidence suggesting that Plaintiff was not disabled as defined by the Act; thus, proof, of disability is not overwhelming.    Doc. #5-2, PAGEID #55-56, 87, 97; Doc. #5-3, PAGEID #149-51, 165-67.    Accordingly, remand for further proceedings, rather than award of benefits, is appropriate under Sixth Circuit precedent.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge, Doc. #17, in their entirety. Defendant's Objections to said judicial filing, Doc. #18, are overruled.    Judgment will be ordered entered in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations.

---

uneven surfaces," Doc. #18, PAGEID #1030 (citing Doc. #5-2, PAGEID #54-55), may not be used to uphold his finding of non-disability:    it would require the Court to assume that a conclusion arrived at by the ALJ as part of the RFC determination at Step <u>Four</u> influenced his conclusion on a distinct legal question at Step <u>Three</u>.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 16, 2016

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record