UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BARBARA A. KOOSER,

            Plaintiff,

  vs.

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.

Case No.: 3:15-cv-246

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT ("EAJA") (DOC. 23) BE GRANTED; AND (2) PLAINTIFF BE AWARDED $9,453.50 IN EAJA FEES**

---

This case is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting attorney's fees in the amount of $9,453.50.[2]  Doc. 23.  The Commissioner filed a memorandum in opposition to Plaintiff's motion. Doc. 24.  Thereafter, Plaintiff filed a reply.  Doc. 25.  The undersigned has carefully considered all of the foregoing, and the motion for attorney's fees is now ripe.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees."  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)).  A party who prevails and obtains

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] In the motion for attorney's fees, Plaintiff's counsel originally requested a total sum of $9,302.60, plus any fee required to prepare and file a reply to the Commissioner's memorandum in opposition.  *See* doc. 23 at PageID 1057.  In the reply memorandum, Plaintiff's counsel subsequently reduced his requested hourly rate to $185.00 in response to the Commissioner's opposition to the reasonableness of such rate, and also sought compensation for time spent preparing the reply memorandum.  Doc. 25 at PageID 1088-89.

a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

In this case, the Commissioner argues that her position on appeal was substantially justified and, therefore, EAJA fees should not be awarded. Doc. 24 at PageID 1077-84. "Substantially justified" for EAJA purposes means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be "substantially justified," the Commissioner's position on appeal must have had a "reasonable basis both in law and fact." *Id*. Contrary to the Commissioner's argument here, the error found by the Court in this case was substantial -- the ALJ failed to consider all record evidence supportive of Plaintiff's potential disability under the Listings as required. *See* doc. 17 at PageID 1023-24; doc. 21 at PageID 1046-47. Nonetheless, the Commissioner argued to the Court that the ALJ's analysis was supported by substantial evidence. *See* doc. 14 at PageID 987-91. The undersigned therefore concludes that the Commissioner's position on appeal was not substantially justified.

Plaintiff's counsel advises the Court that he worked a total of 51.1 hours on this case -- a total time not challenged by the Commissioner. Doc. 23-2 at PageID 1064; doc. 25-1 at PageID 1095. At the requested amount of $9,453.50, this calculates as $185.00 per hour -- an hourly rate the Commissioner agrees is reasonable. *See* doc. 24 at PageID 1085. Having reviewed the time sheet entries submitted by Plaintiff's counsel and considering the nature of the work counsel performed in this case, the Court finds both the hourly fee and the time expended reasonable. Accordingly, Plaintiff is entitled to an EAJA fees award in the amount of $9,453.50.

Based upon the foregoing, **IT IS THEREFORE RECOMMENDED THAT**:

1.    Plaintiff's unopposed motion for an EAJA fee award (doc. 23) be **GRANTED**;

2.    Plaintiff be **AWARDED** the sum of $9,453.50 in EAJA fees; and

3.    As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.


Date:   February 15, 2017                                s/ Michael J. Newman
                                                         Michael J. Newman
                                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).